ROBERT S. BREWER JR.
United States Attorney
KAREEM A. SALEM
Assistant U.S. Attorney
California Bar No.: 288906
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8904
Email: kareem.salem@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RENE LUIS SILVA,<br><br>Defendant. | Case No.:   20-CR-0612-LAB<br><br>DATE:   June 17, 2020<br>TIME:    2:00 p.m.<br><br>**UNITED STATES' OPPOSITION TO DEFENDANTS' MOTIONS:**<br><br>1. **TO COMPEL DISCOVERY;**<br>2. **PRESERVE EVIDENCE; AND**<br>3. **FOR LEAVE TO FILE FURTHER MOTIONS** |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Robert S. Brewer Jr., United States Attorney, and Kareem A. Salem, Assistant United States Attorney, and hereby files its response and opposition to the motions filed by defendant Rene L. Silva [Docket No. 21].

# I
# STATEMENT OF THE CASE

On January 25, 2020, at approximately 11:05 PM, Rene Luis Silva ("Defendant") made entry into the United States from Mexico through the San Ysidro, California Port of Entry. Silva was the driver and sole occupant of a 2007 Saturn Aura. During primary inspection, Custom and Border Protection Officer Smith noticed that Defendant was avoiding eye contact and that her hands were shaking. Defendant's vehicle was referred to secondary for further inspection. Ultimately, 28 packages were uncovered from the gas tank of the vehicle. The packages were tested and determined to be 13.12 kilograms (28.92 pounds) of methamphetamine and 261.3 grams (.576) pounds of fentanyl.

At approximately 1:48 a.m. Homeland Security Investigations Special Agent Anthony Lyons interviewed Defendant. After being advised of his *Miranda* rights, Defendant invoked his rights. However, after invoking those rights Defendant spontaneously stated "I kinda had a feeling" in response to being told that he was being arrested due to narcotics being found in the gas tank of the vehicle he was driving.

A Complaint was filed charging Defendant with importing a controlled substance, in violation of 21 U.S.C. section 952 & 960. [ECF No. 1] Defendant appeared for that initial appearance on January 27. [ECF No. 3] An arraignment was set for February 20, 2020. Id. On that date, Defendant waived Indictment and proceed by way of Information. [ECF No. 11] The court also set a Motion Hearing / Trial Setting for March 2, 2020. [ECF No. 14] On April 9, 2020 this Court continued the initial Motion Hearing / Trial Setting date to May 11, 2020 and excluded time under the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(A) and 18 U.S.C 3174, on the grounds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. [ECF No. 15] On May 11, 2020 this Court reset the Motion Hearing / Trial Setting date to June 17, 2020. [ECF No. 16] This Court reasoned that pursuant to Order of Judicial Emergency in the Southern District of California adopted April 2, 2020 suspending Speedy Trial Act limits in the district for

one year, time is excluded under the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(A) on the grounds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Id. On May 28, 2020 Defendant filed the instant discovery motion. [ECF No. 21]

## II

## STATUS OF DISCOVERY

The Government has copied and made available to the defendant 159 pages of discovery and 6 DVDs, that includes law enforcement investigative reports regarding the drug seizure, photographs, crossing records, port of entry video, cell phone forensic data, jail calls, and a video recorded interview of the defendant. Additionally, the Government is has addressed, and will continue to address, any discovery-related concerns raised by counsel for the defendant.

## III

## MOTION TO COMPEL DISCOVERY

**A.     The Government Will Comply With Its Discovery Obligations**

The Government will fully comply with its discovery obligations.  In an attempt at simplification, this memorandum addresses two specific areas of discovery:  (1) items which the Government will voluntarily provide to each defendant and (2) items demanded and discussed by the defendant(s) which go beyond the strictures of Rule 16 and are not discoverable.

**1.     Items which the Government will provide**

The Government will disclose to Defendant and make available for inspection, copying or photographing:  any relevant written or recorded statements made by Defendant, or copies thereof, within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government; and that portion of any written record containing the substance of any relevant oral statement made by Defendant whether before or after arrest in response to interrogation by any person then known to

3

Defendant to be a Government agent. The Government also will disclose to Defendant the substance of any other relevant oral statement made by Defendant whether before or after arrest in response to interrogation by any person then known by Defendant to be a Government agent if the Government intends to use that statement at trial.

The Government will permit Defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are material to the preparation of Defendant's defense or are intended for use by the Government as evidence during its case-in-chief at trial, or were obtained from or belong to Defendant.

The Government will permit Defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are in the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of his defense or are intended for use by the Government as evidence during its case-in-chief at trial.

The Government will provide Defendant a copy of his prior criminal record, which is within its possession, custody or control, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government.

The Government will disclose the terms of all agreements (or any other inducements) with cooperating witnesses, if any are entered into.

The Government may disclose the statements of witnesses to be called in its case-in-chief when its trial memorandum is filed.

The Government will disclose any record of prior criminal convictions that could be used to impeach a Government witness prior to any such witness' testimony.

The Government will disclose in advance of trial the general nature of other crimes, wrongs, or acts of Defendant that it intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence.

The Government acknowledges and recognizes its continuing obligation to disclose exculpatory evidence and discovery as required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); <u>Giglio v. United States</u>, 405 U.S. 150 (1972); the Jencks Act; and Rules 12 and 16 of the Federal Rules of Criminal Procedure, and will abide by their dictates.

**2.    Items which go beyond the strictures of Rule 16**

      **a.    Specific Brady information**

It is well-settled that prior to trial, the Government must provide a defendant in a criminal case with evidence that is both favorable to the accused and material to guilt or punishment. <u>Brady</u>, 373 U.S. at 87. As the Supreme Court has explained, "a fair analysis of the holding in <u>Brady</u> indicates that implicit in the requirement of materiality is a concern that the suppressed evidence may have affected the outcome of the trial." <u>United States v. Agurs</u>, 427 U.S. 97, 104 (1976). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. <u>Pennsylvania v. Richie</u>, 480 U.S. 39, 57 (1987) (citation omitted).

The Supreme Court has repeatedly held that <u>Brady</u> did not create a rule of discovery; rather, it is a rule of fairness based upon the requirement of due process. <u>Bagley</u>, 473 U.S. at 675 n. 6. The <u>Bagley</u> Court's analysis of the scope and purpose of the <u>Brady</u> rule is instructive:

> Its purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur. [footnote omitted]. Thus, the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence

favorable to the accused that, if suppressed, would deprive the defendant of a fair trial: For unless the omission deprived the defendant of a fair trial, there was no constitutional violation requiring that the verdict be set aside; and absent a constitutional violation, there was no breach of the prosecutor's constitutional duty to disclose . . . but to reiterate a critical point, the prosecutor will not have violated his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial.

Id. at 675 (emphasis added, citation omitted).

### b. Disclosure of witness information

With respect to potential Government witnesses, the Government will provide Defendant with the following items prior to any such individual's trial testimony:

(1) The terms of all agreements (or any other inducements) it has made with cooperating witnesses, if they are entered into;

(2) All relevant exculpatory evidence concerning the credibility or bias of Government witnesses as mandated by law; and,

(3) Any record of prior criminal convictions that could be used to impeach a Government witness.

The Government opposes disclosure of rap sheet information of any Government witness prior to trial. See United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). Furthermore, any uncharged prior misconduct attributable to Government witnesses, all promises made to and consideration given to witnesses by the Government, and all threats of prosecution made to witnesses by the Government will be disclosed if required by Brady and Giglio.

### c. Agents' rough notes

Although the Government has no objection to the preservation of agents' handwritten notes, the Government objects to their production at this time. If during

6

any evidentiary proceeding, certain rough notes become relevant, these notes will be made available.

Prior production of these notes is not necessary because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980); United States v. Kaiser, 660 F.2d 724, 731 32 (9th Cir. 1981).

### d. Government reports, summaries and memoranda

Rule 16 specifically exempts from production "reports, memoranda, or other internal government documents made by the attorney for the government or other government agent in connection with the investigating or prosecuting of the case." Rule 16(a)(2). This subsection exempts from disclosure documents prepared by government attorneys and agents that would otherwise be discoverable under Rule 16. United States v. Fort, 472 F.3d 1106, 1110 & n.2 (9th Cir. 2007).

Notwithstanding Rule 16(a)(2), and without waiving the right to withhold reports exempted from disclosure under the rule, the Government will produce reports generated in connection with the investigation or prosecution of this case to assist Defendants in their preparation of a defense.

### e. Addresses and phone numbers of Government witnesses

While the Government may supply a tentative witness list with its trial memorandum, it objects to providing home addresses and telephone numbers. See United States v. Sukumolachan, 610 F.2d 685, 688 (9th Cir. 1980); United States v. Conder, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for addresses of Government witnesses).

### f. Personnel files of federal agents

Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984), the Government agrees to review the personnel files of its federal law enforcement witnesses and to "disclose information

favorable to the defense that meets the appropriate standard of materiality . . . ." Cadet, 727 F.2d at 1467-68. Further, if counsel for the United States is uncertain about the materiality of the information within its possession, the material will be submitted to the court for in-camera inspection and review. In this case, the Government will ask the affected law enforcement agency to conduct the reviews and report their findings to the prosecutor assigned to the case.

In United States v. Jennings, 960 F.2d 1488 (9th Cir. 1992), the Ninth Circuit held that the Assistant U.S. Attorney assigned to the prosecution of the case has no duty to personally review the personnel files of federal law enforcement witnesses. The Government will comply with its obligations as set forth in Jennings.

Finally, the Government has no duty to examine the personnel files of state and local officers because they are not within the possession, custody or control of the Federal Government. United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992).

### g. Reports of witness interviews

Reports generated in connection with a witness interview session are subject to production under the Jencks Act only if the witness signed the report or otherwise adopted or approved the report's contents. See 18 U.S.C. § 3500(e)(1); United States v. Miller, 771 F.2d 1219, 1231-31 (9th Cir. 1985) ("The Jencks Act is, by its terms, applicable only to writings which are signed or adopted by a witness and to accounts which are substantially verbatim recitals of a witness' oral statements."); United States v. Friedman, 593 F.2d 109, 120 (9th Cir. 1979) (interview report containing a summary of a witness' statements is not subject to discovery under the Jencks Act); United States v. Augenblick, 393 U.S. 248, 354 (1969) (rough notes of witness interview not a "statement" covering entire interview). Indeed, "both the history of the [Jencks Act] and the decisions interpreting it have stressed that for production to be required, the material should not only reflect the witness' own words, but should also be in the nature of a complete recital that eliminates the possibility of portions being selected out of context." United States v. Bobadilla-Lopez, 954 F.2d 519, 522 (9th Cir. 1992).

    **h.**     **Expert witnesses**

The Government will disclose to Defendants the name, qualifications, and a written summary of testimony of any expert the Government intends to use during its case in chief at trial pursuant to Fed. R. Evid. 702, 703, or 705 prior to the scheduled trial date.

    **i.**     **Other discovery requests**

To the extent that the above does not answer all of the Defendant's discovery requests, the Government opposes the motion because there is no authority requiring the production of such material.

## IV

## DISCOVERY DEADLINE

The United States opposes a discovery deadline at this time. Although the United States does not anticipate providing Defendant with high volumes of discovery on the eve of trial, given the ongoing nature of this investigation, the imposition of a discovery deadline is premature and unnecessary at this time.

## V

## MOTION FOR NOTICE OF GOVERNMENT'S EVIDENCE

The Government reserves the right to use all evidence produced in discovery pursuant to Rule 16 during its case-in-chief presentation at trial.

## VI

## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

The Government does not oppose any request to file additional motions.

//
//
//
//
//
//

# VII
# **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court rule on the discovery-related motions as set forth above.

DATED:  June 9, 2020.                    Respectfully submitted,

ROBERT S. BREWER JR.
United States Attorney

/s/ Kareem A. Salem
Assistant United States Attorney

Attorneys for Plaintiff
United States of America