ROBERT S. BREWER JR.
United States Attorney
KAREEM A. SALEM
Assistant U.S. Attorney
California Bar No.: 288906
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8904
Email: kareem.salem@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RENE LUIS SILVA, <br><br> Defendant. | Case No.: 20-CR-0612-LAB <br><br> DATE: June 17, 2020 <br> TIME: 2:00 p.m. <br><br> **UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER THE SPEEDY TRIAL ACT** |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Robert S. Brewer Jr., United States Attorney, and Kareem A. Salem, Assistant United States Attorney, and hereby files its response and opposition to the motions filed by defendant Rene L. Silva [Docket No. 20].

# I.
# STATEMENT OF THE CASE

On January 27, 2020 a Complaint was filed charging Defendant with importing a controlled substance, in violation of 21 U.S.C. section 952 & 960. [ECF No. 1] Defendant appeared for that initial appearance on January 27. [ECF No. 3] An arraignment was set for February 20, 2020. Id. On that date, Defendant waived Indictment and proceed by way of Information. [ECF No. 11] The court also set a Motion Hearing / Trial Setting for March 2, 2020. [ECF No. 14] On April 9, 2020 this Court continued the initial Motion Hearing / Trial Setting date to May 11, 2020 and excluded time under the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(A) and 18 U.S.C 3174, on the grounds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. [ECF No. 15] On May 11, 2020 this Court reset the Motion Hearing / Trial Setting date to June 17, 2020. [ECF No. 16] This Court reasoned that pursuant to Order of Judicial Emergency in the Southern District of California adopted April 2, 2020 suspending Speedy Trial Act limits in the district for one year, time is excluded under the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(A) on the grounds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Id. The Court also issued an Order and Findings of Fact that explain the justification for the continuances. [ECF No. 18] On May 28, 2020 Defendant filed the instant discovery motion. [ECF No. 19]

# II.
# STATEMENT OF FACTS

On January 25, 2020, at approximately 11:05 PM, Rene Luis Silva ("Defendant") made entry into the United States from Mexico through the San Ysidro, California Port of Entry. Silva was the driver and sole occupant of a 2007 Saturn Aura. During primary inspection, Custom and Border Protection Officer Smith noticed that Defendant was avoiding eye contact and that her hands were shaking. Defendant's vehicle was referred

to secondary for further inspection. Ultimately, 28 packages were uncovered from the gas tank of the vehicle. The packages were tested and determined to be 13.12 kilograms (28.92 pounds) of methamphetamine and 261.3 grams (.576) pounds of fentanyl.

At approximately 1:48 a.m. Homeland Security Investigations Special Agent Anthony Lyons interviewed Defendant. The interview took place at the port of entry and was captured on video and audio recording device. Agent Lyons asked Defendant a series of routine booking questions. After being asked those questions, and prior to being questioned about the offense for which he was arrested for, he was advised of his *Miranda* rights. Defendant then chose to invoked his rights. However, after invoking those rights Defendant spontaneously stated "I kinda had a feeling" in response to being told that he was being arrested due to narcotics being found in the gas tank of the vehicle he was driving.

### III.

### ARGUMENT

**A. THE COURT SHOULD DENY DEFENDANT'S MOTION TO DISMISS THE INFORMATION UNDER THE SPEEDY TRIAL ACT BECAUSE THE COURT PROPERLY EXLUDED TIME**

Under the Speedy Trial Act, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1). Certain periods are excluded from that 70-day clock, including periods resulting from a continuance if the court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). The court must make that finding "either orally or in writing" and give "reasons." *Id.* In making its finding, the court must consider, among other things, whether "the failure to grant such a continuance in the proceeding would be likely to make a

3

continuation of such proceeding impossible, or result in a miscarriage of justice;" 18 U.S.C. § 3161(h)(7)(B)(i). The defendant bears the burden of showing a violation of the Speedy Trial Act. *See United States v. Medina*, 524 F.3d 974, 980 (9th Cir. 2008). Silva has not met that burden.

    1.    *Extraordinary circumstances arising out the COVID-19 pandemic justified excluding time under the Speedy Trial Act.*

The Court properly issued ends-of-justice continuances on two occasions that were limited in time after weighing relevant factors.[1] The United States will address each in turn.

On May 11, 2020 the Court issued an Order stating "pursuant to Order of Judicial Emergency in the Southern District of California adopted April 2, 2020 suspending Speedy Trial Act limits in the district for one year, time is excluded under the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(A) on the grounds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." [ECF No. 16] The Court also issued an Order and Findings of Fact that explain the justification for the continuances. [ECF No. 18] In the detailed Order and Findings of Fact the court explained the necessity of the continuance. Mainly that on March 17, 2020 the Chief Judge of the Southern District of California entered an Order of the Chief Judge 18 (OCJ), suspending jury trials and most other criminal proceedings scheduled to begin before April 16, 2020 because of the COVID-19 pandemic. Then, on April 15, 2020, finding that the emergency circumstances giving rise to OCJ 18 had "not materially changed or abated," the Chief Judge extended the suspension of most criminal proceedings until May 16, 2020. See OCJ 24. The Order also incorporated the first paragraph of OCJ 18, and further finding in OCJ 24, that the circumstances continue unabated. Additionally, the Court found that failure to grand a continuance will deprive all counsel – Government and defense –

---

[1] The Court's exclusions of time apply to the 70-day pre-trial clock, the only clock currently running. *Cf. United States v. Pete*, 525 F.3d 844, 852 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period . . . and the pretrial period")

reasonable time necessary for effective preparation, notwithstanding their due diligence, and will result in the futility of proceedings. That conclusion was imminently reasonable.

Precedent confirms as much. Several cases have recognized the propriety of ends-of-justice continuances during emergencies resulting from events like natural disasters and terrorists attacks. *See, e.g.*, *Furlow v. United States*, 644 F.2d 764, 768 (9th Cir. 1981) (eruption of Mount St. Helens); *United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (9/11 terrorist attacks). In fact, the Ninth Circuit blessed a continuance like the one here based on even sparser justifications. In *Furlow*, a court issued an ends-of-justice continuance after the eruption of Mount St. Helens because "the state of emergency prohibited the trial to proceed" and "the defendant has been at liberty all during the period involved." 644 F.2d at 768. While "the various impacts [we]re not detailed" in the order, the Ninth Circuit had no difficulty discerning "the appreciable difficulty" the eruption caused and inferred that it "obviously interrupted transportation, communication, etc. (affecting the abilities of jurors, witnesses, counsel, officials to attend the trial)." *Id.* at 767-68. The Court thus found no violation of the Act based on "the judgment of the trial court as expressed in its order." *Id.* at 769. Here, those sorts of inferential leaps are not needed because the Court expressly noted the health concerns, restrictions on public gatherings, inability to obtain a quorum of grand jurors and thus an indictment, and risks created by people's presence in the courtroom when explaining why COVID-19 justified excluding time.

Other cases in this district also support that conclusion; many have issued ends-of-justice continuances based on the COVID-19 pandemic. *See, e.g.*, *Astorga-Madrigal*, 2020 WL 1433348, at *1 (extending time to indict case in interests of justice "[f]or the reasons outlined in Chief Judge Order No. 18" and "[d]ue to the effect of the public health recommendations on the ability of grand jurors and counsel to be present in the courtroom in light of the recent outbreak of COVID-19 and the well-documented concerns surrounding this virus"); *Alberto Hidalgo*, 2020 WL 1433367, at *1 (same); *supra* n.2.

Cases in other districts have done the same. *See, e.g.*, *United States v. Guadron-Diaz*, No. 19CR230-EMC, 2020 WL 1845315, at *1 (N.D. Cal. Apr. 10, 2020) (unpublished) (granting continuance based on "nation's public health interest in stemming the spread of COVID-19" and inability to prepare given "shelter-in-place orders"); *Carilllo-Villa*, 2020 WL 1644773, at *3 (granting continuance because of COVID-19's "disruption" to court proceedings and because "there is no realistic scenario under which a grand jury can be convened in the near future"); *United States v. Haight*, No. 19CR6-DMC, 2020 WL 1433163, at *2 (E.D. Cal. Mar. 24, 2020) (unpublished) (granting continuance, among other things, because of "public health concerns" arising from COVID-19 and because "it will be difficult to avoid personal contact should the hearing proceed"); *United States v. Lopez*, No. 20MJ46-SAB, 2020 WL 1433158, at *2 (E.D. Cal. Mar. 24, 2020) (unpublished) (similar).

On April 9, 2020 this Court continued the initial Motion Hearing / Trial Setting date to May 11, 2020 and excluded time under the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(A) and 18 U.S.C 3174, on the grounds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. [ECF No. 15] At the time the Court issued the continuance based on the ends of justice, it did not make specific findings or provide an explanation for doing so. Silva now argues that a lack of explanation rises to an improper exclusion of time. He is incorrect.

The Ninth Circuit has held that "[a]lthough the Act requires that the trial court prepare a record, we find nothing in either the language or the purpose of the Act that requires the court to prepare the record at the precise moment it grants a continuance. *United States v. Bryant*, 726 F.2d 510, 511 (9th Cir. 1984). Indeed, the Court is free to supplement its findings now. "Simultaneous ['ends of justice'] findings [are] unnecessary so long as the trial court later shows that the delay was motivated by proper considerations." *Bryant*, 726 F.2d 510, 511 (9th Cir.1984); see also *Medina*, 524 F.3d at 980 ("[T]he court must state such findings in the record, either orally or in writing, [], by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2).") (citations and internal quotation marks omitted).

While the Court did not provide specific findings of fact in its Order on April 9, 2020, it still has the ability to do so. Therefore, so long as the Court does so, the exclusion of time was proper and no violation of the Speed Trial Act occurred. Accordingly, no relief is warranted pursuant to 18 U.S.C. § 3164.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court rule on the motions as set forth above.

DATED: June 9, 2020.                       Respectfully submitted,

ROBERT S. BREWER JR.
United States Attorney

/s/ Kareem A. Salem
Assistant United States Attorney

Attorneys for Plaintiff
United States of America